Sam Goldman v. Commissioner.
Goldman v. Commissioner
Docket No. 22205.
United States Tax Court
1950 Tax Ct. Memo LEXIS 65; 9 T.C.M. (CCH) 936; T.C.M. (RIA) 50252; October 25, 1950
Frederick E. Weinberg, Esq., for the petitioner. Charles R. Johnston, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1944. Deficiency was determined in the amount of $5,343.92. Return was filed with the collector at Newark, New Jersey. The only issue is whether petitioner is taxable upon a corporate distribution in liquidation as a dividend at ordinary income tax rates, or upon only half thereof at capital gain rates; and this depends upon whether he made an election under section 112 (b) (7) of the Internal Revenue Code as amended by section 120 of the Revenue Act of 1943. We find the following facts: The petitioner was one of two stockholders, each owning half of the stock of The Excelled Sheepskin & Leather *66 Coat Company, a corporation, which was dissolved in 1944. Distribution of all assets in complete liquidation and cancellation of all stock was made. The two stockholders then formed a partnership and the assets were shown as a bookkeeping entry in the opening entries of the partnership. The corporation had an accountant who was neither a certified public accountant nor a tax specialist. Before the corporate dissolution he telephoned to the office of the Commissioner and talked to someone, telling that person that he had a corporation which was about to dissolve and continue as a partnership and that he wished to file the necessary papers so that he could continue filing for his taxpayers their individual income taxes indicated in their capital gains. Later some forms, Nos. 964 and 966, were received by the corporation and he assisted the bookkeeper in filling them out. He was not then aware of the provisions of section 112 (b) (7) of the Internal Revenue Code, nor aware that alternative existed of classifying dividends received by stockholders. He learned thereof later, sometime after 1945, when an audit was made by the internal revenue agent. Form 964 was *67 signed and sworn to by the petitioner on December 14, 1944, before a notary public who was not the accountant, and was filed on December 14, 1944. In material part it recites: "ELECTION OF SHAREHOLDER UNDER SECTION 112 (b) (7) OF THE INTERNAL REVENUE CODE
"(To be filed in duplicate) "Sam Goldman of 418 Magnolia Street, Highland Park, New Jersey hereby elects to have recognized and taxed in accordance with section 112 (b) (7) of the Internal Revenue Code the gain on each and every share of the capital stock of Excelled Sheepskin & Leather Coat Co., Inc. owned by him at the time of the adoption of the plan of liquidation. Such corporation is organized under the laws of New York, has its principal office or place of business at 832 Broadway, New York 3, New York, and on November 29, 1944, at 2:00 P.M., adopted a plan of complete liquidation providing for a distribution in complete cancellation or redemption of all its stock, and for the transfer of all its property under the liquidation entirely within the month of December, 1944. * * *
"SCHEDULE B "STATEMENT OF SHARES OF STOCK OWNED ON DATE OF EXECUTION OF ELECTION Total Number of Votes to
Class
Certificate
Number
Which Entitled on Adoption
of Stock
Nos.
of Shares
of Plan of Liquidation
Common
1
262 1/2
262 1/2
Common
3
75
75
*68 "SCHEDULE D "If any of the shares listed in any of the above schedules are not registered in the name of the person by whom this election is made, list below the name of the person in whose name such stock is registered, giving the class of stock, the certificate numbers thereof, the number of shares, the total number of votes to which entitled on adoption of plan of liquidation, and all facts pertinent to the claim of ownership. "None "AFFIDAVIT "I/we swear or affirm that this election is made of my/our own free will and accord or, if made for a corporation or partnership, is duly authorized, and that the statements made herein (including any accompanying schedules or statements) are to the best of my/our knowledge and belief, true, correct, and complete statements of fact, made in good faith pursuant to the requirements of section 112 (b) (7) of the Internal Revenue Code and the regulations issued thereunder. S/ "Sam Goldman (Electing shareholder)" * * *
The printed instructions on the form refer repeatedly to the election and electing shareholder. The accountant did not then know whether the book value, or market value of the inventory *69 of the corporation was higher. He later, at the request of the attorney in this case, ascertained that market value was below book value. He prepared the income tax returns of the petitioner and the corporation for 1944 in that he took the figure of operations from the books, set them down in a return in pencil, and handed them to a girl to copy. His name does not appear on the returns, which are signed by the petitioner. The petitioner made a valid and binding election under section 112 (b) (7) of the Internal Revenue Code. The petitioner in his income tax return for 1944 attached a copy of his election under Form 964 but returned as long-term capital gain only one-half of the corporate liquidation distribution to him. The Commissioner added to petitioner's net income as reported the other one-half of the value of such liquidation distribution to the petitioner, as dividends with the explanation "It is held that your election under section 112 (b) (7) (D) of the Internal Revenue Code is a valid and binding election which may not be revoked or withdrawn," adding that it had been determined that the petitioner had derived a gain of $17,844.97 *70 upon the dissolution which was taxable as a dividend by such an amount as was not in excess of petitioner's ratable share of the corporation's earnings and profits accumulated after February 28, 1913. He, therefore, added to petitioner's reported net income the sum of $9,148.72 as dividends. The only question posed for us here is whether the election filed in due form by the petitioner under section 112 (b) (7) of the Internal Revenue Code requires the taxation to him of his share of the corporate distribution as dividends (so far as not in excess of his ratable share of the corporate earnings and profits accumulated after February 28, 1913) as provided by section 112 (b) (7). In short, the petitioner's contention is that he did not intend so to elect and it would have been absurd for him to do so under the circumstances. The petitioner did not testify, so that assuming that his intentions are material we have before us no facts in that regard. The proof merely consists, in effect, of the testimony of an accountant who represented the corporation that he talked to someone in the office of the Commissioner, told such person that he wished to file papers necessary *71 so that he could continue filing for his taxpayers "their individual income taxes indicated in their capital gains," that later the corporation received Forms 964 and 966, and that he gave the bookkeeper assistance in filling out the forms; also, in substance, that he was not aware of any alternatives as to classifying dividends received by the stockholders and that it was later than 1945 before he learned that Forms 964 and 966 were or were claimed to be elections under section 112 (b) (7) of the Revenue Code; likewise that he did not then know whether the book value or the market value of the inventory was higher though later at the request of the attorney in this matter found out "the market was below book." All of this, however, gives us no light as to the intent of the petitioner himself. He may have had other advice than that of the accountant and may have made the election deliberately and with full knowledge of the law. At any rate, Form 964 signed by the petitioner shows in very large print at the top thereof that it is an "Election of Shareholder under Section 112 (b) (7) of the Internal Revenue Code," not to be overlooked, either by accountant or petitioner. *72 It contains a statement of shares of stock "owned on date of execution of election" and elsewhere numerous times recites the election. The petitioner swore to the instrument before a notary public, who was not the accountant above referred to, and attached a copy thereof to his individual income tax return. It is obvious we think that there is no showing before us of any reason why the election duly signed, sworn to and filed by the petitioner should not be considered binding upon him. Therefore, no error is shown on the part of the respondent in determination of deficiency. Decision will be entered for the respondent.